The Honorable Jerry P. Bookout State Senator P O Box 415 Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion on the following question: If the city already has a civil service system for firefighters and police officers, can a local election be held to amend those rules so that a fire or police chief can be appointed by the mayor and city council?
It is my opinion that the answer to this question is "no".
It must be initially noted in this regard that the civil service commission's ("commission") power to appoint a fire or police chief is established under state law, and not merely by rule or regulation of the commission. I have enclosed a copy of Attorney General Opinion Number 88-116 which discusses the legislative development of this authority, as well as several decisive Arkansas Supreme Court cases.
It must be concluded that this grant of appointive authority to the commission cannot be altered or otherwise amended by local legislation. This conclusion extends to legislation adopted by the local governing body, as well as to measures initiated and adopted by the people at a local election.
The power of the governing body to enact ordinances is limited to ordinances "not inconsistent with the laws of the state. . . ." A.C.A. 14-55-101 and 14-55-102. This restriction would, of course, also apply to proposed ordinances that are initially adopted by the city council and then referred to the electors for their acceptance or rejection. See A.C.A. 14-55-301 and14-55-302.
With regard to measures initiated by the people, the language of Amendment 7 to the Arkansas Constitution must be considered wherein it states: The initiative and referendum powers of the people are hereby further reserved to the local voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith. [Emphasis added.]
A local election in this instance, held for the purpose of amending the commission's authority established under state law, so that a fire or police chief can be appointed by the mayor and city council would, in my opinion, be unconstitutional.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.